**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DAVID LOPEZ SANCHEZ, | No. 23-2480 |
| Petitioner, | Agency No. A201-425-948 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the Board of Immigration Appeals

Submitted November 7, 2024[**]
Pasadena, California

Before: PARKER,[***] DESAI, and HURWITZ, Circuit Judges.

Petitioner David Lopez Sanchez ("Lopez Sanchez") is a citizen of Mexico who last entered the United States in 2004 without inspection and has resided in the United States since. Lopez Sanchez seeks review of a September 11, 2023 Board

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Barrington D. Parker, Jr., United States Circuit Judge for the U.S. Court of Appeals for the Second Circuit, sitting by designation.

of Immigration Appeals ("BIA") decision dismissing his appeal of an Immigration Judge's denial of his application for withholding of removal and protection under the Convention Against Torture ("CAT"). He fears persecution and torture on account of his status as a landowner in the village of Celestino Gasca Villasenor ("Celestino") in the Loma Bonita municipality of Oaxaca, Mexico.

BIA determinations must be upheld so long as they are supported by substantial evidence on the record considered as a whole. *INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992). To reverse a denial of withholding or CAT protection, this Court must conclude that "the evidence not only *supports* [a contrary] conclusion, but *compels* it—and also compels the further conclusion that the petitioner meets the requisite standard for obtaining relief." *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014) (emphasis in original) (cleaned up). This Court may not reweigh the evidence or substitute its own judgment for that of the agency. *Singh v. INS*, 134 F.3d 962, 969 n.14 (9th Cir. 1998). We have jurisdiction under 8 U.S.C. § 1252. We deny the petition.

1. Substantial evidence supports the dismissal of Lopez Sanchez's withholding of removal and CAT claims. The record does not compel the conclusion that he faces a likelihood of future persecution or torture if removed.

With respect to withholding of removal, the BIA determined that Lopez Sanchez failed to demonstrate that it is more likely than not that his "life or freedom

would be threatened in [Mexico] because of [his] race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3). This Court is required to affirm that determination so long as it is "supported by reasonable, substantial, and probative evidence on the record considered as a whole," even if this Court ultimately would have reached a different conclusion had it been in the Board's shoes. *Elias-Zacarias*, 502 U.S. at 481 (internal quotation marks omitted).

Substantial evidence supports the BIA's conclusion that future persecution is not "more likely than not" to occur should Lopez Sanchez return to Celestino. Lopez Sanchez testified that family members who own comparable tracts of land of similar size directly adjacent to Lopez Sanchez's own parcel in the village have not been harmed. Although Lopez Sanchez testified that one brother and a cousin were threatened some years ago for having participated in a now-defunct village committee of landowners seeking to defend the community against cartel activities, he also testified that the situation "calmed down" once the brother and cousin "stopped being activist[s]" and the committee dissolved. Lopez Sanchez's testimony also indicates that other landowners who did not participate in the committee were not threatened.

This Court has held that "[a]n applicant's claim of persecution upon return is weakened, even undercut, when similarly-situated family members continue to live

3

in the country without incident." *Hakeem v. INS*, 273 F.3d 812, 816 (9th Cir. 2001), *superseded by statute on other grounds as stated in Ramadan v. Gonzales*, 479 F.3d 646, 650 (9th Cir. 2007). The record contains no substantial indications that Lopez Sanchez's family members in the village (or anywhere else in Mexico) are presently unsafe, and this Court has made clear that "continuing safety of family members" is "an important factor" in determining whether petitioner has a valid withholding claim. *Santos-Lemus v. Mukasey*, 542 F.3d 738, 743 (9th Cir. 2008), *overruled on other grounds by Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1093 (9th Cir. 2013). Because substantial evidence supports the conclusion that it is not more likely than not that Lopez Sanchez would be persecuted if he returned to Celestino, we need not address whether Lopez Sanchez could safely relocate elsewhere within Mexico.

2. For largely the same reasons, the BIA's CAT determination is also supported by substantial evidence. The record before us does not *compel* the conclusion that it is "more likely than not that he . . . would be tortured if removed to the proposed country of removal" and that such torture would occur at the hands of the Mexican government or by its acquiescence. 8 C.F.R. 208.16(c)(2); *see Wakkary v. Holder,* 558 F.3d 1049, 1067–68 (9th Cir. 2009) ("The standard of proof—more than fifty percent—is the same as for regular withholding of removal. . . .").

Insofar as Lopez Sanchez's asserted fear of persecution is materially indistinguishable from his fear of torture, his CAT claim necessarily fails. "Torture is more severe than persecution." *Nuru v. Gonzales*, 404 F.3d 1207, 1224 (9th Cir. 2005). On the record before us, Lopez Sanchez's likelihood of torture should he be removed to Mexico is even lower than his likelihood of persecution.

**Petition DENIED.**